UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO B. TURNER, JR., Plaintiff, v. SACRAMENTO POLICE DEPARTMENT, et al., Defendants. | Case No. 2:26-cv-1737-JDP (P) ORDER |

Plaintiff, a state prisoner, alleges that the Sacramento Police Department, Terry Brown (an ex-homicide detective), Candy Telerico (a kidnapping victim) and Ivan Skeens (Telerico's brother) violated his rights when they denied him reward money associated with finding Telerico in 1985. After review of the complaint, I find that it fails to state any cognizable claim. Accordingly, the complaint is dismissed leave to amend so that plaintiff may have one opportunity to remedy the deficiencies identified below (if he can). I will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 10, and deny his motion for extension of time to obtain counsel, ECF No. 9.

Screening Order

## I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II. Analysis**

The gravamen of plaintiff's complaint appears to be that he was entitled to reward money for finding Candy Telerico, a kidnapping victim, in 1985. ECF No. 1 at 5. This claim is non-cognizable because there is no federal right to reward money offered by state authorities for information concerning a crime. And, even if there were, plaintiff's claim would be time-barred, insofar as he alleges that he was entitled to the money more than thirty years ago, when Telerico was found. Section 1983 claims look to the state statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) ("For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law."). Under California law, prisoners are effectively entitled to four years to bring a personal injury claim. *See Covey v. Iberdemaj*, No. 1:25-cv-00477-KES-BAM (PC), 2026 U.S. Dist. LEXIS 43464, *6-9 (E.D. Cal. Mar. 3, 2026). Here, no conceivable tolling could render this claim timely, even if the claim somehow implicated a federal right.

In apparently unrelated claims, plaintiff also alleges that unspecified individuals or entities have denied him basic necessities, failed to deliver his mail (including mail related to the aforementioned reward money), retaliated against him, and possibly denied him access to the courts. ECF No. 1 at 2. He also vaguely alleges that unspecified staff at Mule Creek State Prison have conspired to commit murder, presumably his. *Id.* at 4. These claims are thinly drawn and utterly devoid of specifics, and there is no indication that they are sufficiently related to proceed in one case against multiple defendants.

I will give plaintiff one opportunity to file an amended complaint and address these deficiencies. His current complaint is dismissed with leave to amend. Within thirty days of this order's entry, he must submit an amended complaint or a notice of voluntary dismissal. He is advised that an amended complaint will entirely supersede the original complaint, should be filed on the form included with this order, should contain only related claims, and be titled "Amended Complaint." If he fails to file an amended complaint within the deadline, I will recommend that this action be dismissed for failure to prosecute and to follow court orders.

Plaintiff's motion for a ninety-day extension of time to obtain counsel, ECF No. 9, is denied as unnecessary. Plaintiff may attempt to obtain counsel as this action proceeds. If he does, his counsel may enter an appearance and file a motion to amend the complaint (if necessary).

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 10, is GRANTED.

6. Plaintiff's motion for extension of time, ECF No. 9, is DENIED.

IT IS SO ORDERED.

Dated: September 16, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE